Jose Luis LOPEZ–MORALES; Maria Elena Ochoa De Lopez, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72864.

Agency Nos. A75–533–185, A75–533–186.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Vadim Yuzefpolsky, Attorney at Law, Beverly Hills, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM**

Petitioners, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review in part, deny it in part, and remand for further proceedings.

Petitioners' challenge to the BIA's streamlining of their case is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

After Petitioners' counsel notified the Immigration Court of his illness, the IJ decided to proceed with Petitioners' removal hearing, requiring them to represent themselves. This was an abuse of discretion in the absence of Petitioners' waiver of their right to counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103–05 (9th Cir.2004); *see also Castro–Nuno v. INS*, 577 F.2d 577, 578–79 (9th Cir.1978) ("[A]lthough the immigration judge conceded that the failure of counsel to appear was not [petitioner's] fault . . ., the judge made no attempt to ensure that the right to representation was preserved."). The

IJ's abuse of discretion requires us to remand the proceedings "for rehearing with such counsel as [Petitioners] 'shall choose.' 8 U.S.C. § 1362." *Escobar–Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir.2000).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

